FULLERTON LUMBER COMPANY, Respondent, v. HOSFORD, Appellant.

(176 N. W. 1017.)

(File No. 4644. Opinion filed March 26, 1920.)

1. **Evidence—Preponderance Necessary in Civil Suit—Instruction "Scale of Proof Should Turn in Favor of Plaintiff," Whether Error—Question for Jury.**

   Where jury in a civil case were unable to decide for insufficiency of evidence, and upon so reporting were further instructed that it devolves upon a party suing to prove a case by preponderance or greater weight of the evidence, and adding: "As I told you, and to express it figuratively perhaps, the scale of proof should turn in favor of the plaintiff

in a case like this"; **held**, the instruction was erroneous, since the instruction as last quoted was equivalent to telling jury that plaintiff's evidence was entitled to greater weight than defendant's—which was question for jury; nor was the error cured by court's remark that jury was sole judge of the evidence and its weight.

2. **Sales—Recovery for Coal Sold—Conflicting Evidence, Instruction Re, "A Situation of Positive and Negative Evidence"—Greater Weight Re Positive Than Negative—Error—True Rule Stated.**

Where, in a suit to recover for coal sold, but one witness having testified on each isde, one in favor, the other against fact of sale, court instructed: "We have a situation of positive and negative evidence. Experience teaches that a person may forget that which did in fact occur, but truthfully speaking a person can never remember something that did not in fact occur. Hence the law recognizes the greater weight in the affirmative than negative evidence, presumptively, but you are the sole judges of the evidence in the case and the weight that should be given to it"; **held**, the instruction was erroreous, there being no question of affirmative and negative evidence in the case. **Held**, further, that it is a general rule of evidence that affirmative evidence is stronger than negative, **i. e.**, the testimony of credible witness that he saw or heard a particular thing is more reliable than that of an equally credible witness, who, with same opportunities, testified he did not hear the same thing; the reason being that he who testifies to a negative may have forgotten what actually occurred, while it is impossible to remember what never existed.

3. **Sales—Affirmative of Issue, Burden on Plaintiff—Preponderance of Evidence, or Even Balance, Question for Jury.**

Plaintiff, in suit for value of coal sold, has the affirmative and must maintain burden of proof; and whether evidence preponderates, or whether it is evenly balanced, is question for jury.

Whiting, J., concurring specially.

Appeal from Circuit Court, Charles Mix County. Hon. ROBERT B. TRIPP, Judge.

Action by Fullerton Lumber Company, a corporation, against P. A. Hosford, to recover the value of coal sold by plaintiff to defendant. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed.

*G. M. Chester,* for Appellant.

*J. E. Tipton,* for Respondent.

(2) To point two, Appellant cited: 17 Cyc., 801-804; Coel v. Traction Co., 123 N. W. 23; Blashfield Instructions, 2nd Ed., Sec. 337; 38 Cyc., 1439; Remington v. Genzler (N. D.), 152 N. W. 661.

POLLEY, J. This action was brought to recover the value of a quantity of coal alleged to have been sold and delivered to defendant by plaintiff. But two witnesses testified at the trial. One witness testified that he was the bookkeeper for plaintiff, and that he sold and delivered the coal to defendant. Defendant, as a witness for himself, testified that he did not buy the coal, and that the same was not delivered to him. The jury was instructed and retired with the case. After several hours' deliberation, the jury reported to the court that they were unable to decide the case because of the insufficiency of the evidence. The court thereupon further instructed the jury in part as follows:

"As stated before, the law is that where an action is commenced by a party in court it devolves upon him to prove his case by a preponderance of the evidence. Now by preponderance of evidence is meant the greater weight of evidence. As I told you, and to express it figuratively, perhaps, the scale of proof should turn in favor of the plaintiff in a case like this."

This instruction was excepted to on the ground that it tended to cause, and did cause, the jury to believe that the scale and weight of the evidence was in favor of plaintiff and against the defendant, and was an expression of an opinion by the court that the weight of evidence was with the plaintiff. The court further instructed the jury as follows:

"Over as against this, however, we have a situation of positive and negative evidence. Experience teaches that a person may forget that which did in fact occur; but truthfully speaking a person can never remember something that did not in fact occur. Hence the law recognizes the greater weight in affirmative than negative evidence, presumptively; but you are the sole judges of the evidence in the case and the weight that should be given to it."

This was excepted to on the ground that there is no question of affirmative and negative evidence in the case.

[1, 2] These exceptions are both well taken. For the lower court to say to the jury, "As I told you, and to express it figuratively, perhaps, the scale of proof should turn in favor of the plaintiff in a case like this," was equivalent to telling the jury that the plaintiff's evidence was entitled to greater weight than defendant's. But this was a question for the jury, and one upon which the court had no right to express an opinion. Neither was there any question of affirmative and negative evidence in the case. The rule relative to this class of evidence is stated in Jones on Evidence as follows:

"It is a general rule of evidence that *affirmative testimony is stronger than negative;* in other words, that 'the testimony of a credible witness that he saw or heard a particular thing at a particular time and place is more reliable than that of an equally credible witness who, with the same opportunities, testified that he did not hear or see the same thing at the same time and place.' The reason for this rule is that the witness who testifies to a negative may have forgotten what actually occurred, while it is impossible to remember what never existed."

The familiar illustration of this rule is:

"The fact that certain witnesses heard a whistle and bell of an engine at a crossing is not necessarily in conflict with the testimony of others who heard nothing, for the observation of the fact by some is entirely consistent with the failure of others to observe."

But we have no such situation in this case. Plaintiff's witness testified positively that he sold and delivered the coal to defendant. On the other hand, defendant testified just as positively that he did not purchase or receive the coal. This presented only a question of veracity, a question peculiarly within the province of the jury.

[3] Plaintiff had the affirmative and must maintain the burden of proof. If the evidence was evenly balanced, defendant was entitled to the verdict. But whether it was evenly balanced, or whether it preponderated in favor of one or the other of the parties, is a question solely for the jury. The instructions complained of were prejudicial to defendant, and the cautionary remark of the court, at the end of the instruction,

that the jury was the sole judge of the evidence and the weight that should be given to it, did not cure the error.

. The judgment appealed from is reversed.

WHITING, J.   I concur in the result reached . by ' my colleagues, but would base such . concurrence solely upon error in the second instruction.